IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

UNIVERSITY OF WISCONSIN HOSPITAL AND
CLINICS, INC.
600 Highland Avenue
Madison, Wisconsin 53792.

       Plaintiff,                                              Case No: 3:13-cv-00568

v.

Kraft Foods Global, Inc. Group Benefits Plan
c/o Benefits Department, NF33
Kraft Foods Global, Inc.
Three Lakes Drive
Northfield, IL 60093-2753

AETNA LIFE INSURANCE CO.
a Pennsylvania Corporation
PO Box 981106
El Paso, TX  79998

and DOES 1-4,

       Defendants.
_____

## COMPLAINT
_____

      **NOW COME** the Plaintiffs, University of Wisconsin Hospital and Clinics, Inc., (hereinafter, "UWHC") by and through their attorneys, Neuberger, Wakeman, Lorenz, Griggs & Sweet, by Attorney Mark S. Sweet and Nicole N. Schrier, to file the following Complaint and allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs allege that Plaintiffs' claims "relate to" an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. sec. 1001 et seq and that the subject Health Care Plan

constitutes a "plan under ERISA." Therefore, Plaintiffs allege that this Court's jurisdiction is invoked pursuant to 28 U.S.C. sec. 1337 and 29 U.S.C. sec. 1132(e).

2. Venue is proper within the Western District of Wisconsin pursuant to 29 U.S.C. sec. 1132(e)(2) because the acts complained of have occurred within this district.

## PARTIES

3. Plaintiff University of Wisconsin Hospital and Clinics, Inc. is a Wisconsin Non-Profit Corporation that operates a hospital located in Dane County at 600 Highland Avenue, Madison, Wisconsin 53792.

4. Upon Information and Belief, Defendant Kraft Foods Global, Inc. Group Benefits Plan (hereinafter "Plan") is an employee health plan established by Kraft Foods Global and administered by Kraft Foods Global, Inc. Administrative Committee (hereinafter "Administrator") in Illinois, to provide health insurance coverage to all eligible employees, including its employees within the State of Wisconsin.

5. Upon Information and Belief, AETNA LIFE INSURANCE CO. (hereinafter "AETNA") provided health insurance under the Plan.

6. On or about July 11, 2011, Christine Severson was an adult individual who resided in Dane County at 13 Menomonie Ct., Madison, WI 53704. On said date, Christine Severson was an employee of Kraft Foods Global, Inc. and was an insured plan member of Defendant Plan.

7. At all times material hereto, the Plan, in its plan, agreed to provide and administer health insurance coverage to employees of Kraft Foods Global, Inc., including Christine Severson.

## BACKGROUND

8. Pursuant to said Plan between Christine Severson and the Defendant, Christine Severson or her medical provider is required to obtain preauthorization, wherein the Defendant pre-approves treatment within one business day of in-patient admissions.

2

9. On or about July 12, 2011, Christine Severson was admitted to the UWHC to undergo a revision of a procedure which had been previously placed during an earlier procedure.

10. On or about July 11, 2011, in accordance with the Plan guidelines, UWHC personnel contacted Defendant and spoke with a representative who indicated that the "notification requirements were met" and issued an authorization number of #07112012BC.

11. UWHC submitted its bill in the amount of $26,178.57 to Defendant for charges incurred in providing Defendant's insured with medical treatment that took place in Plaintiff's hospital on July 12, 2011. Defendant applied a contract adjustment, and denied the remainder of Plaintiff's bill for lack of preauthorization leaving an outstanding balance of $21,466.43.

12. Following Defendant's denial of payment due to lack of preauthorization, Plaintiff submitted several appeals through the Plan's appeals process, asking that authorization be granted, but those appeals were denied.

13. Christine Severson assigned and transferred all rights to recovery and/or payment of benefits covered and offered under the Plan to UW Hospital. (See Exhibit No. 1, Assignment by Christine Severson, attached hereto and incorporated by reference.)

14. Upon information and belief, the the Plan does not contain a non-assignment clause.

15. To date, the Plan has not authorized or submitted payment of the $21,466.43 owed in spite of having all necessary information indicating that proper payment is required.

16. UW Hospital as Christine Severson's assignee have fulfilled and completed all claims procedures for review of disputed or unpaid and denied claims, and have brought this action in accordance with and in compliance of the terms of the Plan. (A copy of said Plan is in the possession of the Defendants and is therefore not attached hereto.)

17. The denial of benefits by the Plan was arbitrary and capricious as, UW Hospital allege upon information and belief that, at the time of this denial, the Plan:

a. failed to make proper reimbursement of claims made under the contract when its obligation to make payment became reasonably clear;

b. acted in direct violation of the terms and conditions of the agreement;

c. practiced dilatory and abusive claims handling;

d. placing unduly restrictive and self-serving interpretations on the processing of the Plaintiff's claims and through its claims handling practices.

18. The denial of benefits by the Plan was not in accordance with statutory claims procedure as the Plan did not:

a. provide adequate notice in writing to Christine Severson when her claim for benefits under the plan was denied, setting forth in specific reasons for such denial, written in a manner calculated to be understood by the participant, and/or

b. afford a reasonable opportunity to Christine Severson for a full and fair review by the appropriate named fiduciary of the decision denying the claim, when Christine Severson's benefits were denied.

## FIRST CAUSE OF ACTION

**For Recovery of Plan Benefits, Against the Plan Pursuant To
29 United States Code Section 1132(A)(1)(B)**

19. Plaintiffs incorporate those allegations of Paragraphs 1 through 18, as though set forth in full in this cause of action.

20. Under the terms of the Plan contract, the Plan agreed to provide UW Hospital, Christine Severson's assignees, with medical expense benefits. The Plan wrongfully failed to provide such benefits.

21. Denial of benefits and refusal to pay Christine Severson's assignees constitutes a breach of the Plan. UW Hospital seek payment of all charges incurred by Christine Severson.

22. The plan administrator or fiduciary abused his/her discretion by interpreting the terms of the Plan in contradiction of the plain language of the plan.

23. The decision of the plan administrator or fiduciary was arbitrary and capricious based upon all information and facts contained in the administrative record.

24. As alleged herein and in the allegations hereinabove, the Plan has violated the statutory provisions of the Employee Retirement Income Security Program by failing to adhere to the claims procedure enumerated in 29 U.S.C. Section 1133.

25. As alleged herein, the Plan violated the statutory provisions of the Employee Retirement Income Security Program as they relate to Christine Severson, in the following respects:

    a. The Plan did not provide adequate notice in writing to Christine Severson when her claim for benefits under the plan was denied, setting for in specific the reasons for such denial, written in a manner calculated to be understood by the participant.

    b. The Plan did not afford a reasonable opportunity to Christine Severson for a full and fair review by the appropriate named fiduciary of the decision denying the claim, when Christine Severson's benefits were denied.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment as follows:

26. For benefits payable under the Plan to reimburse Plaintiffs for payments that Plaintiffs have been entitled to receive;

27. For remand back to the Plan Administrator or fiduciary with instructions for the plan fiduciary to make a proper review of the claim.

28. For a declaration regarding the Plan noncompliance with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

29. For an award of prejudgment interest;

30. For an award of reasonable attorneys' fees pursuant to 29 U.S.C. section 1132(g)(1);

31. For costs incurred;

32. For such other and further relief as the Court deems appropriate.

Dated this 16th day of August, 2013.

        NEUBERGER, WAKEMAN, LORENZ
        GRIGGS & SWEET
        Attorneys for Plaintiffs University of Wisconsin
        Hospital and Clinics, Inc. and
        University of Wisconsin Medical Foundation, Inc.

By    /s/ Nicole N. Schrier
        Mark S. Sweet, SB No. 1019001
        Nicole N. Schrier, SB No. 1081908
        136 Hospital Drive
        Watertown, WI 53098
        (920) 261-1630
        FAX: (920) 261-0339