IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNIVERSITY OF WISCONSIN
HOSPITAL AND CLINICS, INC.,

                        Plaintiff,                        OPINION & ORDER

   v.

                                                  13-cv-568-jdp

KRAFT FOODS GLOBAL, INC.
GROUP BENEFITS PLAN,

                        Defendant.

---

      Plaintiff University of Wisconsin Hospital and Clinics, Inc. brought this action to recover payment for medical services it provided under an employee health care plan governed by the Employee Retirement Income Security Act (ERISA). The court granted UW Hospital's motion for summary judgment, concluding that defendant Kraft Foods Global, Inc. Group Benefits Plan (the Kraft Plan) acted arbitrarily and capriciously in denying payment under the plan. Dkt. 28. The court noted that this case would be remanded to the Kraft Plan for further proceedings, but also determined that an award of attorney's fees was appropriate. *Id.* In its summary judgment order, the court directed UW Hospital to submit an itemization of its reasonable attorney's fees. UW Hospital has submitted its calculation for past due benefits, prejudgment interest, attorney's fees, and costs, Dkt. 29, and the Kraft Plan has submitted its response, Dkt. 30.

      The Kraft Plan raises three objections to UW Hospital's proposed award. Specifically, the Kraft Plan contends that UW Hospital is not entitled to past due benefits because the court is remanding the case rather than awarding benefits outright. The Kraft Plan also argues that UW Hospital cannot recover fees for preparing arguments that were ultimately unsuccessful in this case. Finally, the Kraft Plan notes that UW Hospital's attorneys impermissibly "block-billed" their time, which led to inflated fees. The court agrees with some, but not all, of the

Kraft Plan's objections and will enter judgment for UW Hospital awarding $5,014.33 in attorney's fees.

OPINION

UW Hospital's summary of past due benefits and attorney's fees seeks a total award of $30,932.62. Of this total, $25,399.54 is for benefits and prejudgment interest, and $5,533.08 is for UW Hospital's attorney's fees and costs. Dkt. 29-1. The Kraft Plan has objected to each amount. Dkt. 30.

**A. UW Hospital is not entitled to plan benefits or prejudgment interest.**

UW Hospital seeks an award for past due benefits and prejudgment interest. Although this may have been the relief UW Hospital sought when it initially filed this action, the court's summary judgment order explicitly concluded that remand was the appropriate remedy. Dkt. 28, at 12. The request for benefits and prejudgment interest is therefore denied and the court will enter judgment remanding this case to the Kraft Plan for further proceedings.

**B. UW Hospital improperly included attorney's fees for unsuccessful arguments, but otherwise permissibly recorded its hours.**

UW Hospital's attorneys have reported 40.5 hours of work on this case and requested attorney's fees and costs in the amount of $5,533.08.[1] The Kraft Plan's first objection is that UW Hospital has included fees for preparing arguments that were ultimately unsuccessful. To address the issue, the court briefly reviews the procedural history of this case. UW Hospital

---

[1] UW Hospital's attorneys were responsible for all but 0.7 hours, which were billed by a legal assistant and a paralegal who both worked on this case. The attorneys have an hourly rate of $125. UW Hospital also incurred $505.58 in costs.

2

initially brought this suit against the Kraft Plan and Aetna Life Insurance Company, which provided insurance under the plan. Dkt. 1. UW Hospital then moved to dismiss Aetna from the case because the insurance company "only provided administration services and did not provide the health insurance, as pled." Dkt. 5, at 1. In its itemization, UW Hospital nevertheless seeks an award of the fees it incurred while researching and litigating Aetna's involvement, as well as fees incurred for communicating with Aetna's counsel. *See* Dkt. 29-1, at 2-3.

The court may reduce an award of attorney's fees if the hours billed are not reasonable, and "the hours claimed can be reduced by the number of hours spent litigating claims on which the party did not succeed to the extent they were distinct from claims on which the party did succeed." *Stark v. PPM Am., Inc.*, 354 F.3d 666, 674 (7th Cir. 2004). After reviewing UW Hospital's itemization, the court agrees with the Kraft Plan that the hours identified include time spent unsuccessfully pursuing a party that was not a proper defendant for the ERISA claim on which UW Hospital ultimately prevailed. UW Hospital billed a total of $518.75 for the 4.15 hours it spent on this endeavor. Dkt. 29-1, at 2-3. The court will reduce the award of attorney's fees by $518.75.

The Kraft Plan's second objection to UW Hospital's itemization is that the summary of hours utilizes "block-billing," whereby UW Hospital's attorneys lump several separate tasks together into one "block" of time. The Kraft Plan also complains that Attorney Schrier predominantly bills in even increments and only once for less than 0.25 hours. The Kraft Plan claims that, combined, these practices have likely led to fee inflation of at least 30%. Dkt. 30, at 3. The court agrees that UW Hospital's itemization is less than clear in describing the specific tasks being billed. Under the lodestar method for calculating attorney's fees, "[t]he fee claimant bears the burden of substantiating the hours worked and the rate claimed." *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997). This requires the claimant to: (1)

3

identify a reasonable number of hours worked; and (2) multiply the hours by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In support of its objection to UW Hospital's block-billing, the Kraft Plan directs the court to *Welch v. Metropolitan Life Insurance Company*, 480 F.3d 942 (9th Cir. 2007). In *Welch*, the Ninth Circuit cited a California State Bar committee's report that concluded "block billing may increase time by 10% to 30%." 480 F.3d at 948 (internal citations omitted). The court went on to affirm a reduction in fees where the district court based its decision on the report and a fear of fee inflation. *Id.* The Seventh Circuit, however, is more tolerant of the practice, noting that "[a]lthough 'block billing' does not provide the best possible description of attorneys' fees, it is not a prohibited practice." *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006); *see also Roy v. Forest Cnty. Potawatomi Grp. Health Dental Vision & Short Term Disability Plan*, No. 03-cv-1265, 2006 WL 416214, at *4 (E.D. Wis. Feb. 22, 2006) ("[D]efendants have not identified any legal work that would conceivably be impermissible. Moreover, it is not as though the fees charged are based on large, generic bills for 'services rendered' or the like."). The Kraft Plan does not identify specific blocks in UW Hospital's itemization that are vague, and the court's own review does not reveal any unreasonable blocks. The court therefore rejects Aetna's assertion that an additional, blanket reduction of 30% is necessary because of the block-billing.

The Kraft Plan also objects to Schrier's billing methods, observing that she bills in even increments and only once for less than 0.25 hours. In reviewing attorney's fees, courts are not overly concerned with billing increments because the ultimate touchstone is the reasonableness of the fee. *See Garcia v. R.J.B. Props., Inc.*, 756 F. Supp. 2d 911, 918 (N.D. Ill. 2010) ("Our own Court of Appeals has not discussed the reasonableness of billing in quarter-hour increments, but a number of district judges within this circuit have considered the matter and, in the main, have

found 'nothing inherently objectionable' about the practice."). Here, the Kraft Plan's primary objection is that for tasks such as reviewing correspondence from clients or opposing counsel, Schrier's billing practices might have inflated the time she spent working on the case. Dkt. 30, at 4. Although this court would discourage billing in minimal increments of one-quarter hour, the Kraft Plan does not identify any specific entries where the recorded hours are unreasonable. The absence of any concrete objections leaves the court without any basis for reducing UW Hospital's attorney's fees. The court concludes that UW Hospital's recorded hours and requested fees are reasonable.

In summary: (1) UW Hospital seeks $25,399.54 in past due benefits and prejudgment interest, which the court will deny entirely; and (2) UW Hospital seeks $5,533.08 in attorney's fees and costs and the court will reduce the amount by $518.75—the amount UW Hospital spent on the unsuccessful and unnecessary aspects of this case—leaving UW Hospital entitled to recover $5,014.33.

## ORDER

IT IS ORDERED that:

1) Plaintiff UW Hospital's request for an award of past due benefits and prejudgment interest is DENIED;

2) Plaintiff UW Hospital is awarded its reasonable attorney's fees and costs in the amount of $5,014.33;

3) This action is REMANDED to the plan administrator, pursuant to the court's June 23, 2014, Opinion and Order, Dkt. 28; and

4) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 17th day of July, 2014.

                      BY THE COURT:

                      /s/

                      JAMES D. PETERSON
                      District Judge